UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.

JI WANG,

                  Defendant.
_____

Case # 21-CR-6108

DECISION AND ORDER

## INTRODUCTION

A trial in this matter is set to begin on October 14, 2025. There remain two outstanding motions *in limine*. The Court resolves them below.

## LEGAL STANDARD

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The moving party bears the burden of establishing that the evidence is inadmissible for any purpose and is therefore properly excluded on a motion *in limine*. *Starmel v. Tompkin*, 634 F. Supp. 3d 41, 44 (N.D.N.Y. 2022). A court considering a motion *in limine* may reserve decision until trial, "so that the motion is placed in the appropriate factual context." *Id.* (quoting *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011)). Further, the court's ruling on a motion *in limine* is preliminary, and "subject to change" as the case unfolds. *Luce*, 469 U.S. at 41.

## DISCUSSION

**I.   Government's Motion *in Limine* (ECF No. 130)**

Defendant intends to present the expert testimony of Liang Dong at trial. *See* ECF No. 112 at 1. Professor Dong would testify to the "scientific and technical aspects of fiber technology as

1

it pertains to the Indictment." *Id.* On April 11, 2025, defense counsel proffered to the government handwritten notes, purportedly authored by Defendant, which outline the "[Outside Vapor Deposition] process as [Defendant] understands Corning uses it" and Defendant's own, distinct "proposed process." ECF No. 130-1 at 2. In Defendant's view, such information would be relevant to determining whether Defendant misappropriated Corning's trade secrets in his efforts to secure funding for his own laser fiber business. *See* ECF No. 130-2 at 32; ECF No. 1; *see also* ECF No. 133 at 5 ("[Defendant's] technical notes . . . are central to refuting the Government's theory that [Defendant's company] simply repackaged Corning's trade secrets."). Professor Dong has reviewed the notes, and Defendant proposes that Professor Dong would use the notes to further opine on the distinctions between Corning's and Defendant's processes. ECF No. 133 at 5.

The government moves to preclude Professor Dong from relying upon or referring to the notes absent a proper foundation. ECF No. 130. It points out that the notes themselves are "unattributed, undated, handwritten, and appear[] to have been created for purposes of this criminal case." *Id.* at 7. Defendant responds that these notes were "authored by Dr. Wang not as a litigation narrative, but as a working scientist documenting the process and composition of a fiber concept he had long kept confidential." ECF No. 133 at 6. Defendant intends to use them, via Professor Dong, only to "support and confirm his conclusions about how [Defendant's] proposed fiber differed from Corning's DARPA design." *Id.* at 7. Defendant argues that they are therefore admissible under Rule 703. In the alternative, Defendant seeks their admission under Rule 807.

Based on the present proffer, the Court grants the government's motion and precludes Professor Dong from offering any opinions premised on the handwritten notes. Rule 703 provides:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data

> would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

Fed. R. Ev. 703. "Under Rule 703, experts can testify to opinions based on inadmissible evidence, including hearsay, if experts in the field reasonably rely on such evidence in forming their opinions." *United States v. Mejia*, 545 F.3d 179, 197 (2d Cir. 2008). However, a preliminary question arises in this case that Defendant has yet to clearly answer: what is the provenance of these notes?

The notes, which "do not state who prepared them, when they were prepared, what they show, and why they were written," ECF No. 135 at 15, are not self-explanatory. The only information that has been specifically proffered about what they are and where they came from is defense counsel's statement that he received the notes from Defendant in June 2024. *See* ECF No. 133 at 5. Beyond that, no information has been submitted to the Court regarding the origin of the notes themselves.

To be sure, defense counsel alludes to their origin, suggesting that they were "authored by [Defendant] years earlier," that they "document[] the process and composition of a fiber concept he had long kept confidential," and that they are a "contemporaneous" reflection of the proposed "Quantum Wave fiber." *Id.* at 6, 12, 16. A straightforward, concrete description is absent, however. Defense counsel does not plainly state when, where, or why they were created, how the notes have been retained since their creation, and the basis for counsel's knowledge of such facts. The Court is not requiring Defendant to establish an unassailable "chain of custody," as he seems to argue. *Id.* at 10. All that is necessary are the basic facts surrounding the creation and retention of these notes. With that, the Court could then properly assess whether experts in Professor Dong's field would reasonably rely on the notes, a predicate to admission under Rule 703. For the same

reason, the Court is unable to determine whether the residual exception applies. *See* Fed. R. Ev. 807(a)(1) (stating that a hearsay statement is admissible only if it is "supported by sufficient guarantees of trustworthiness").

Accordingly, absent any additional proffer, the Court precludes Professor Dong from offering any opinion premised on the notes, and the notes themselves will not be admitted at trial.

## II.     Defendant's Motion *in Limine* (ECF No. 119)

The government notified Defendant that it intends to offer the testimony of Barry Naughton at trial. ECF No. 96. Dr. Naughton would testify about China's economic and technological intentions during the timeframe relevant to the indictment, with a focus on "technology acquisition." ECF No. 96-3 at 7. Defendant moves to preclude Dr. Naughton's testimony. ECF No. 119.

Defendant's motion may be denied with only brief comment. The Second Circuit has confirmed the relevance of evidence regarding China's governmental structure and economic ambitions in cases such as these. *See United States v. Zheng*, 113 F.4th 280 (2d Cir. 2024). Furthermore, Defendant concedes that Dr. Naughton's testimony has been admitted in criminal trials involving charges like his. *See United States v. You*, 534 F. Supp. 3d 880 (E.D. Tenn. 2021), *aff'd*, 74 F.4th 378 (6th Cir. 2023). Although Defendant purports to identify various improper statements made by Dr. Naughton, *see generally* ECF No. 119; ECF No. 119-1, he does not actually cite the documents or testimony in which those alleged quotations can be found. Having reviewed Dr. Naughton's expert disclosure, ECF No. 96-3, the Court concludes that it stays within the bounds suggested by *Zheng* and *You*. Accordingly, Defendant has failed to offer a persuasive reason for precluding Dr. Naughton's testimony wholesale—or even for holding a *Daubert* hearing—and his motion *in limine* is denied.

## CONCLUSION

The government's motion *in limine* (ECF No. 130) is GRANTED, and Defendant's motion *in limine* (ECF No. 119) is DENIED.

IT IS SO ORDERED.

Dated: August 7, 2025
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York